# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES KRUMMEL,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>  Defendant.<br>_____/ | Case No. 1:22-cv-00048-SKO<br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.   INTRODUCTION

On January 10, 2022, Plaintiff David Charles Krummel ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

## II.   BACKGROUND

**A.   Procedural History**

On August 28, 2017, Plaintiff protectively filed a claim for DIB payments, alleging he

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 12.)

became disabled on October 31, 2006, due to issues with his back and heart, arthritis, and hypertension. (Administrative Record ("AR") 29, 118, 131, 238, 281.) Plaintiff was born on September 14, 1966, and was 50 years old on the alleged disability onset date. (AR 34, 107, 118, 130, 234, 289, 291.) Plaintiff has a high school education and previously worked as a truck driver. (AR 34, 46, 239.)

The Commissioner denied Plaintiff's application for benefits initially on October 27, 2017, and again on reconsideration on December 29, 2017. (AR 145–48, 152–57.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 158–60.) On October 3, 2019, Plaintiff appeared with counsel and testified before an ALJ as to his alleged disabling conditions. (AR 46–69.) A vocational expert ("VE") also testified at the hearing. (AR 69–71.)

On October 30, 2019, the ALJ issued a decision finding Plaintiff not disabled, as defined by the Act. (AR 26–36.) Plaintiff sought review of the ALJ's decision before the Appeals Council. Along with his request for review, Plaintiff submitted additional, post-hearing evidence to the Appeals Council consisting of a medical source opinion dated March 6, 2020, by Plaintiff's treating physician Amritpal S. Pannu, M.D. (AR 12, 41–42.)

On July 23, 2020, the Appeals Council denied the request for review (AR 11–17), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 416.1481. The "Notice of Appeals Council Action" denying review sets forth the Appeals Council's finding that Dr. Pannu's opinion "does not relate to the period at issue" and thus "does not affect the decision about whether [he] were disabled beginning on or before October 30, 2019." (AR 12.)

**B.     The ALJ's Decision**

The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 26–36.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of August 28, 2017 (step one). (AR 28.) The ALJ found that Plaintiff had the following severe impairments: lumbar spinal stenosis; cervical and thoracic spondylosis; degenerative arthritis of the left elbow; atherosclerotic heart disease; and chronic obstructive pulmonary disease (step two). (AR 29.) However, Plaintiff did not have an impairment or

combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three).  (AR 29–31.)  The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[2] and applied the RFC assessment at step four.  *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").

The ALJ determined that Plaintiff retained the RFC:

> to perform light work as defined in 20 CFR [§] 416.967(b); specifically, the claimant can lift and carry up to twenty pounds occasionally and ten pounds frequently, can stand or walk for six hours total, and can sit for six hours total in an eight-hour workday with normal breaks.  [Plaintiff] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl but never climb ladders, ropes, or scaffolds.  [Plaintiff] can occasionally be exposed to temperature extremes, fumes, dust, odors, gases, and poor ventilation.  [Plaintiff] can perform simple, routine tasks and occasionally interact with the public to account for his pain and fatigue.

(AR 31.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" they rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record."  (AR 33.)

Based on this RFC assessment, the ALJ determined that Plaintiff could not perform his past relevant work (step 4), but was not disabled because, given his RFC, he could perform a significant number of other jobs in the local and national economies (step five).  (AR 34–36.)  In making this determination, the ALJ posed a series of hypothetical questions to the VE.  (AR 69–71.)  In response, the VE testified that a person with the specified RFC could perform the jobs of package sorter; mail room clerk; and office assistant.  (AR 71.)  When posed by the ALJ with a hypothetical that included additional limitations to Plaintiff's RFC of being "off task an average of 20% of the workday," the VE testified that there was no work such a person could perform.  (AR 71.)

---

[2] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule.  Social Security Ruling 96-8p.  The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments.  *Id.*  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

### III.      LEGAL STANDARD

**A.      Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); *see* 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir.

4

1989)).  "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098).  "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996).  Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir.

1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins*, 466 F.3d at 885). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.     DISCUSSION

**A.     The ALJ's Decision is Not Supported by Substantial Evidence**

Plaintiff challenges the ALJ's decision on the basis, *inter alia*, that it fails to consider all of Plaintiff's physical limitations in formulating the RFC, particularly in view of an opinion by treating physician Amritpal Pannu M.D., dated March 6, 2020 (AR 42), which was submitted for the first time to the Appeals Council. (*See* Docs. 15 at 9–11; Doc. 19 at 2–3.) Dr. Pannu completed a questionnaire in which he opined Plaintiff was precluded primarily by his spinal stenosis from performing any full-time work at any exertional level, as documented by MRI. (AR 42.) Specifically, Plaintiff could lift five pounds for about two to three hours in an eight-hour day; sit for one hour at a time for a total of three hours in an eight-hour day; and stand/walk for one hour at a time for a total of one to two hours in an eight-hour workday. (AR 42.) Plaintiff had to lie down and/or elevate for three to four hours in an eight-hour day. (AR 42.) According to Dr. Pannu, Plaintiff had been disabled to this degree since 2006. (AR 42.)

The Appeals Council found that Dr. Pannu's opinion did "not affect" the ALJ's decision because it did "not relate to the period at issue," i.e., through October 30, 2019 (AR 12.) In making this finding, however, the Appeals Council evidently did not realize that while Dr. Pannu's opinion was issued on March 6, 2020, the opinion states that the disabling limitations opined therein have been present since 2006. (*See* AR 42.)

Where, as here, the Appeals Council considers additional evidence in denying review of the ALJ's decision, that evidence is nevertheless deemed to be part of the administrative record that a

court must evaluate when reviewing the Commissioner's final decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin*, 682 F.3d 1157, 1163 (9th Cir. 2012). *See also Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error."). With the addition of Dr. Pannu's opinion, the record now contains a medical opinion from a treating physician opining that Plaintiff's RFC was far more limited during the relevant period than that found by the ALJ. (*Compare* AR 42 *with* AR 31.) Since this new evidence directly undermines the basis of the ALJ's decision, the Court concludes that the Commissioner's decision was "not supported by substantial evidence."[3] *Brewes*, 682 F.3d at 1164.

Harmless error review applies when a medical opinion is not considered in an ALJ's decision. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the ALJ's error is harmful because Dr. Pannu's opinion calls into question the "partial persuasiveness" of the state agency non-examining physicians' opinions, who the ALJ noted relied on "inconsistent examinations showing decreased spine range of motion and intermittent spasm." (AR 34. *See also* AR 125–26, 136–37.) The Court therefore cannot "confidently conclude" that "no reasonable ALJ," after considering Dr. Pannu's opinion, could have reached a different disability determination. *See Marsh*, 792 F.3d at 1173 (ALJ's failure to consider treating doctor's medical opinion, which described the plaintiff as "pretty much nonfunctional," was not harmless).

In response, the Acting Commissioner identifies various reasons why the ALJ could have deemed the late-submitted evidence unpersuasive.[4] (*See* Doc. 16 at 7–8.) However, the

---

[3] Contrary to the Acting Commissioner's assertion (*see* Doc. 16 at 6), the Court is not reviewing whether the Appeals Council improperly denied Plaintiff's request for review. Rather, the Court reviews the new evidence that was presented to the Appeals Council in its overall review of the ALJ's final decision. *See Taylor*, 659 F.3d 3d at 1232.

[4] Under the new regulations regarding the evaluation of medical evidence that are applicable to this case, the ALJ must evaluate the "persuasiveness" of a medical opinion by considering the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." 20 C.F.R. § 416.920c(a), (b), (c)(1)–(5) (titled "How we consider and articulate medical opinions and prior administrative findings for claims filed on or after March 27, 2017").

persuasiveness of Dr. Pannu's opinion, or lack thereof, is a matter for the ALJ. As the Ninth Circuit has emphasized, "[l]ong-standing principles of administrative law require [courts] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). *See also Marchel v. Colvin*, No. 2:13-cv-1416 DAD, 2015 WL 546065, at *4 (E.D. Cal. Feb. 10, 2015) ("Because Dr. Parsons' opinion was not before the ALJ, the court can only speculate as to the weight the ALJ would have assigned to that treating physician opinion."). As the ALJ did not have the benefit of Dr. Pannu's opinion, the ALJ should be given the opportunity to review and consider it.

**B.     Remand for Further Proceedings is Appropriate**

It is for the ALJ to determine whether a plaintiff has severe impairments and, ultimately, whether they are disabled under the Act. *See Marsh*, 792 F.3d at 1173 ("[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The ALJ, not the Court, is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ did not have the opportunity to consider, in the first instance, Dr. Pannu's opinion. Having found this opinion properly part of the record, the ALJ must evaluate it to determine its impact on the severity of Plaintiff's impairments, his RFC, and the ultimate question of Plaintiff's disability. Remand for further proceedings—and not, as Plaintiff asserts, remand for benefits (*see* Doc. 15 at 12–13)—is therefore the appropriate remedy. *See, e.g., Vasquez v. Astrue,* 572 F.3d 586, 597 (9th Cir. 2009) (remanding to allow ALJ to assess results of psychological testing, considered by the Appeals Council, and how claimant's limitations affect their RFC); *McLaughlin v. Saul,* No. 1:18-CV-00967-SKO, 2019 WL 3202806, at *6 (E.D. Cal. July 16, 2019); *Billie-Jo M. v. Saul*, No. 6:19-CV-00092-SB, 2020 WL 2521754, at *10 (D. Or. May 18, 2020)

("Plaintiff submitted new, post-decision medical evidence that the ALJ has not had an opportunity to evaluate. Under these circumstances, a remand to the agency for further proceedings to fully develop the record is the appropriate remedy.") (internal quotation marks omitted).

## C.     The Court Declines to Determine Plaintiff's Remaining Assertion of Error

As the Court finds that remand is appropriate for the ALJ to consider Plaintiff's post-decision evidence, the Court does not reach Plaintiff's additional assertion of error at step five, which was based on an RFC that will be reevaluated in light of the additional evidence.[5] *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Franz v. Comm'r of Soc. Sec.*, No. 2:21-CV-583-KJN, 2022 WL 4537991, at *7 (E.D. Cal. Sept. 28, 2022) ("Given that the proper remedy is to allow the ALJ to consider Dr. Vega's opinion on remand, and given the intertwined nature of plaintiff's other arguments, the undersigned declines to reach them."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff David Charles Krummel and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:     **June 26, 2023**                              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE

---

[5] The Court does, however, determine that this alleged error does not warrant reversal with the directive for payment of benefits at this time.

9